THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN WAYDE PATRICK, Defendant-Appellant.

First District (4th Division) No. 1—87—2335

Opinion filed September 7, 1989.

Randolph N. Stone, Public Defender, of Chicago (Dennis E. Urban, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund and Judy L. DeAngelis, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant entered a negotiated plea of guilty to a charge of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a)), and in accordance with the terms of that agreement, was sentenced to five years' imprisonment to run concurrently with the five-year term previously imposed on his separate jury conviction of possession of a stolen motor vehicle. Defendant now requests that his cause be remanded so that he may be given an opportunity to file a motion to withdraw his guilty plea because the trial court failed to admonish him in accordance with Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)).

We remand.

The record shows that defendant was separately charged with the offenses of burglary and possession of a stolen motor vehicle which occurred at different times and places. A jury found defendant guilty of the possession charge, and on March 6, 1987, he was sentenced to a term of five years' imprisonment. Following that judgment the court advised defendant of his appeal rights, including the necessity of filing a written notice of appeal within the next 30 days. The court also told him that counsel would be available to assist him if he did not have the means to hire his own attorney.

At that point in the proceedings, the court inquired about the pending burglary case, then proceeded to other matters. On the next call defense counsel informed the court that pursuant to his conference with the State, defendant had decided to change his plea on the

burglary charge in exchange for the State's recommendation that he be sentenced to a five-year term concurrent with the term imposed on the prior conviction.

The court then meticulously admonished defendant in accordance with Supreme Court Rule 402 (107 Ill. 2d R. 402) and specifically inquired as to whether counsel had an adequate opportunity to discuss the change of plea with defendant, defendant's wife and other members of defendant's family. Counsel responded:

> "Yes, I have. In addition, your Honor, I would also indicate that by virtue of the fact that we are entering a plea of guilty to the second charge I have discussed with Mr. Patrick, as the court has explained, his Appellate rights and he has indicated he does not direct me to file a Notice of Appeal with respect to either one of these cases."

The court then continued the admonitions and accepted defendant's plea based on defendant's perceived understanding of the proceedings, the facts which substantiated the charge of burglary, and defendant's representations as to the voluntariness of his plea. The court then sentenced defendant in accordance with the plea agreement, and the parties discussed the time defendant would be credited on this charge.

The record further shows that judgment was entered on this plea on March 6, 1987, and that no further action was taken until August 6, 1987, when this court granted defendant leave to file a late notice of appeal from the judgment. Meanwhile, defendant filed a timely notice of appeal from his possession conviction, and that judgment was affirmed in an unpublished order filed on June 30, 1989. *People v. Patrick* (1st Dist. 1989), No. 1—87—0975 (unpublished order under Supreme Court Rule 23).

Defendant contends solely that his cause should be remanded to the circuit court for further proceedings because the trial court failed, *inter alia*, to admonish him of the necessity of filing a motion to withdraw his plea within 30 days of the imposition of sentence prior to taking an appeal, and that any claim of error or issue not raised in that motion would be deemed waived for purposes of appeal. (107 Ill. 2d R. 605(b).) The State responds that defendant was properly admonished as to his appellate rights in the case which concluded shortly before this one began, and that since he failed to file a timely notice of appeal, he has waived his right to appeal. In the event that this argument is rejected, the State adds that defendant's appeal should be dismissed because he failed to include facts showing the basis for his proposed motion to withdraw. The end result is that we are once

again faced with the confluence of concerns and issues arising from the plea process and the Illinois Supreme Court Rules attendant thereto.

In *People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218, the supreme court stated that the rules concerning guilty pleas (107 Ill. 2d Rules 402, 604(d), 605(b)) are "meant to mesh together not only to ensure that defendant['s] constitutional rights are protected, but also to avoid abuses by defendant[]." (124 Ill. 2d at 103.) In addition, the court stated that "they have been constructed to *** avoid some of the excesses that both the State and defense counsel occasionally employ while they attempt to zealously represent their opposing interests[] [citations] *** and *** represent our best efforts at ordering the complex and delicate process of plea bargains and guilty pleas." (124 Ill. 2d at 103-04.) *Wilk* also discussed the purpose of Rule 604(d), which requires the filing of a motion to withdraw within 30 days of sentencing in a plea proceeding, and affirmed its prior ruling that compliance with this rule is a condition precedent to an appeal from a plea of guilty. (124 Ill. 2d at 107.) The court in *Wilk* added that where a defendant fails to perfect his appeal in this manner, the omission may amount to ineffective assistance of counsel, and defendant's remedy lies in the Post-Conviction Hearing Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*).

In the *Wilk* case, most of the defendants in question had inarguably been admonished by the respective trial courts in accordance with Rule 605(b), which contrasts with the situation in this case where it is clear that the court failed to admonish defendant in any manner concerning the procedures necessary to perfect his appeal rights after entering judgment on his plea. In such cases, courts have held that defendants should not be penalized for failing to follow the proper procedure to preserve those rights (*People v. Balsar* (1989), 178 Ill. App. 3d 876, 533 N.E.2d 1140; *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 471 N.E.2d 1053), and corrective measures were initiated.

The State asserts, however, that the record shows that the trial court advised defendant of his appellate rights at the conclusion of the sentencing hearing which occurred shortly before the plea proceeding, and that he also discussed these rights with his attorney, who then advised the court that defendant did not wish to appeal either judgment. Thus the State concludes that the trial court was not required to admonish defendant a second time when the plea proceeding was concluded. In making this argument, the State relies on *People v. Favelli* (1988), 176 Ill. App. 3d 618, 531 N.E.2d 386. We find *Favelli* distinguishable from the case at bar, however, because unlike the situation

here, the trial court in *Favelli* admonished defendant in accordance with Rule 605(b) after imposing sentence on defendant's guilty plea. On appeal the reviewing court held that the trial court was not required to admonish defendant a second time after denying defendant's motion to reconsider the sentence which had been imposed. 176 Ill. App. 3d at 624.

In this case, there were two distinct proceedings which are governed by different appellate rules. At the conclusion of plea proceedings, the trial court was required to admonish defendant in accordance with Rule 605(b), but did not do so. Although it appears that this failure was merely an oversight on the part of the court, which had scrupulously adhered to the requirements of Rule 402 in accepting defendant's plea, and that the record reveals no obvious reason for withdrawal, we do not believe that the court's appellate admonitions to defendant at the close of his jury case, the representations of defendant's counsel that defendant did not wish to appeal the decision in either case, or defendant's failure to act in a timely manner, overcome the fact that the Rule 605(b) admonitions were not given to defendant in this case. (See *People v. Ryant* (1976), 41 Ill. App. 3d 273, 354 N.E.2d 395; *People v. Balsar* (1989), 178 Ill. App. 3d 876, 533 N.E.2d 1140.) In addition, since the bases for withdrawing the plea have not been proffered (see *People v. Saldana* (1977), 53 Ill. App. 3d 636, 368 N.E.2d 1055), we have no recourse but to remand the cause to the circuit court of Cook County with directions that defendant be provided an opportunity to file a motion to vacate his plea of guilty within 30 days of the filing of our mandate in the trial court and to thereafter proceed in accordance with Supreme Court Rule 604(d). *Saldana*, 53 Ill. App. 3d 636, 368 N.E.2d 1055.

Remanded with directions.

LINN and McMORROW, JJ., concur.