THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM WHIGAM, Defendant-Appellant (Jim Edgar, Secretary of State, *et al.*, Contemnors-Appellees).

First District (3rd Division)  Nos. 1—88—3442, 1—88—3443 cons.

Opinion filed August 15, 1990.

Thomas William Burke, of Elmwood Park, for appellant.

Cecil A. Partee, State's Attorney, of Chicago, for the People.

Neil F. Hartigan, Attorney General, of Springfield (Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellees Jim Edgar and Gary McAlvey.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Defendant, William B. Whigam, is the appellant in two appeals which have been consolidated. In appeal No. 1—88—3442 from circuit court number X7—038—101, defendant argues that: (1) amended section 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f)) is unconstitutional as an *ex post facto* law because it deprived him of his right to expunge the record of his conviction for driving under the influence two years after the completion of supervision; (2) Jim Edgar, the Illinois Secretary of State, and Gary McAlvey, the Director of the Illinois Bureau of Identification (IBI) were guilty of criminal contempt because they failed to obey the order to expunge the record of defendant's driving under the influence conviction; (3) the trial judge who did not enter the order to expunge lacked jurisdiction to void the order after 30 days passed without State challenge or appeal; and (4) the trial court erred in denying defendant's motion for class certification.

In appeal No. 1—88—3443 from circuit court number X9—407—446, defendant argues that: (1) the trial court erred in ordering a new trial after defendant chose to stand on motions challenging the constitutionality of sections 5—6—1(d)(1) and 5—6—3.1(f) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—6—1(d), 1005—6—3.1(f)); (2) there was no basis for a new trial because the error was the failure of the evidence to support the charge; and (3) the trial court erred in vacating the designation of the lawsuit as a class action.

Defendant was charged in complaint number X7—038—101 with driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)) on November 6, 1983. On May 15, 1984, defendant was placed under supervision until May 14, 1985, and was ordered to pay $300 in fines and costs. On October 13, 1986, defendant filed a

petition to expunge the record of his arrest on the basis that he had not since been convicted or arrested of any criminal offense or municipal ordinance violation. On November 17, 1986, the Forest Park police, which was the arresting authority, and the Director of the Illinois Department of Law Enforcement of the State of Illinois were ordered to expunge all records of defendant's arrest. A handwritten note appearing on the petition and order to expunge, which were contained on one form, stated "Vacated 3-16-87."

On May 18, 1988, defendant filed a motion to cite Edgar, McAlvey, and Robert Conklin, chief of the Forest Park police, for ignoring the order to expunge. Defendant requested that sanctions be imposed until the record of arrest was surrendered to the court and that the Secretary of State be ordered: (1) to inform all citizens arrested for a violation of section 11—501(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)) before January 1, 1984, and sentenced to supervision that each had a right to expunge his arrest record two years after the successful termination of supervision; and (2) purge its records of defendant's convictions for driving under the influence that were based upon consideration of pre-1984 supervision that was successfully terminated.

Defendant then moved "to designate his post trial motion a class action," and argued that: (1) common to numerous persons was an issue concerning the amendment of section 5—6—3.1(f) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f)), effective January 1, 1984, which increased from two to five years after the successful termination of supervision the time when records could be expunged of driving under the influence convictions committed on or before December 31, 1983; (2) there was a vested right to have one's arrest records expunged in two years; and (3) the increase to five years was an unlawful *ex post facto* law because it exposed an offender to a more severe penal risk.

Conklin filed a response to the motion for an order of contempt in which he stated that upon his receipt of a copy of the order to expunge, on or about November 28, 1986, he forwarded a copy to the presiding judge of the Fourth Municipal District of Cook County for directions on the effect of the order in light of section 5—6—3.1(f) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f)), in force on the date of defendant's sentencing, which permitted expungement only after five years from a discharge and dismissal from a sentence of supervision for a violation of section 11—501 of the Illinois Vehicle Code. After March 16, 1987, the Forest Park police department was advised that the order to expunge had been vacated on that date. Conklin argued that because the order had been vacated, he did not improperly fail to

expunge the record of defendant's arrest.

Edgar and McAlvey argued in their response that: (1) on March 17, 1987, the IBI was notified by the clerk of the court that the order of expungement had been vacated on March 16, 1987; (2) defendant was not eligible to petition for expungement until May 14, 1990, which was five years after his supervision terminated; (3) Edgar and McAlvey could not be in violation of the order because the expungement order had been vacated; (4) the order to expunge was not directed to Edgar or to the Secretary of State; and (5) defendant had adequate notice of the amendment increasing the period to five years because the amendment became effective months before he was sentenced.

Pursuant to section 2—413 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—413), defendant's attorney filed an affidavit in which he swore that contempt sanctions were being sought because of the contemnors' personal knowledge of the order of expungement and the lack of either a notice of appeal, a motion to excuse compliance, or a motion to vacate.

Conklin was dismissed by agreement of the parties on October 14, 1988. On October 21, 1988, Edgar and McAlvey were dismissed on the basis that they were not parties to the expungement proceeding, the order of expungement was reinstated, the order vacating the order of expungement was declared void, and, on the basis that the court had no jurisdiction to entertain class actions, the motion to designate the proceeding as a class action was "dismissed."

On November 10, 1988, defendant filed a motion to modify the October 21, 1988, order pursuant to section 2—1203 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1203). Defendant argued that section 5—6—3.1(f) was unconstitutional, that Edgar and McAlvey should have been held in contempt, and that the court erred in not designating the proceeding as a class action. On November 16, 1988, the motion was continued to November 23, 1988. On November 18, 1988, defendant filed a notice of appeal from the October 21, 1988, order.

Complaint number X9—407—446 charged defendant with driving under the influence on September 30, 1987. On August 19, 1988, defendant filed a motion for exception from section 5—6—1(d)'s prohibition against the granting of supervision to defendants who had within the previous five years received supervision for a violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1(d)) on the basis that the amendment adding subsection (d) was an *ex post facto* law. The motion apparently was not

ruled upon, but defense counsel stated that defendant elected to stand on his motion and that the election was tantamount to a plea of guilty.

On October 31, 1988, defendant was sentenced to one year's conditional discharge, was assessed $200 for court costs and a fine, and the proceeding was designated as a class action. On November 23, 1988, this order was vacated *nunc pro tunc* October 31, 1988, the motion to designate the lawsuit as a class action was denied on the basis that a class action belonged in the chancery division, and the matter was set for trial on December 7, 1988. On November 28, 1988, defendant filed a notice of appeal from the October 31, 1988, and November 23, 1988, orders.

APPEAL NO. 1—88—3442; CIRCUIT COURT NO. X7—038—101

Defendant appeals from the October 21, 1988, order that dismissed the remaining parties against whom defendant sought contempt sanctions, that reinstated the expungement order, and that denied defendant's motion to designate the proceeding as a class action. Edgar and McAlvey argue that there is no appellate jurisdiction because the notice of appeal was filed prematurely, prior to a ruling on defendant's motion to modify, so that under Supreme Court Rule 303(a)(2) (107 Ill. 2d R. 303(a)(2)) on civil appeals (which it is argued applies because of the civil nature of the contempt proceeding), defendant's notice of appeal filed before the entry of the order disposing of the last pending post-trial motion had no effect. They argue that the order reinstating expungement was not appealable by defendant because he was not prejudiced thereby and because, although the ruling which refused to designate the suit as a class action was final as to defendant, defendant was no longer a member of the class he sought to represent on the basis that he had obtained an expungement order.

■ The trial court in criminal cases may reconsider final appealable judgments and orders within 30 days of their entry (*People v. Heil* (1978), 71 Ill. 2d 458, 461, 376 N.E.2d 1002), and if a timely motion to reconsider the order is filed, the time for appeal does not commence until that motion has been denied (*People v. Van Matre* (1988), 164 Ill. App. 3d 201, 203, 517 N.E.2d 768). By virtue of the filing of a post-trial motion, a judgment is not final and appealable until the motion is ruled upon by the court. *People v. Swiercz* (1982), 104 Ill. App. 3d 733, 735-36, 432 N.E.2d 900.

Supreme Court Rule 606(b) on criminal appeals provides in part:

"Except as provided in Rule 604(d), the notice of appeal must be filed *** within 30 days after the entry of the final judg-

ment appealed from or if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion." (107 Ill. 2d R. 606(b).)

The rule does not contain the specific language, as does Supreme Court Rule 303(a)(2) (107 Ill. 2d R. 303(a)(2)), that a notice of appeal has no effect if filed before the entry of the order disposing of the last pending post-trial motion. But Supreme Court Rule 303(a)(2) was apparently amended to contain that language to address the problem of when a notice of appeal must be filed if more than one post-trial motion is pending and to make clear that the 30-day period for filing a notice of appeal begins to run after the disposition of the last post-trial motion. (Ill. Ann. Stat., ch. 110A, par. 303, Historical and Practice Notes, at 94 (Smith-Hurd 1985).) We hold that under Supreme Court Rule 606(b), a notice of appeal filed before the disposition of a motion directed to the final judgment in a criminal case is premature.

Therefore, even if the October 21, 1988, order was final, defendant's notice of appeal was premature because under either Supreme Court Rule 303(a)(1) (107 Ill. 2d R. 303(a)(1)) on civil appeals or Supreme Court Rule 606(b) (107 Ill. 2d R. 606(b)) on criminal appeals, the notice of appeal must be filed within 30 days after the entry of the order disposing of a timely post-trial motion.

Defendant's jurisdictional statement states that jurisdiction is based on section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), which provides for relief from final order and judgments after 30 days from their entry, but defendant did not seek to modify the October 21, 1988, order under this section because his motion to modify was filed within 30 days.

APPEAL NO. 1—88—3443; CIRCUIT COURT NO. X9—407—446

■■ ■ Defendant states in his jurisdictional statement that he is appealing under Supreme Court Rule 604(b), which permits defendants who have been placed under supervision or who have been found guilty and sentenced to probation, conditional discharge or periodic imprisonment to appeal from the judgment, conditions of supervision or sentence, the finding of guilt, or from a modification or revocation of such an order or sentence. (107 Ill. 2d R. 604(b).) Jurisdiction over defendant's appeal cannot be based upon this rule because defendant's sentence of conditional discharge had been vacated and he was given a new trial date.

Absent authorization by a statute or a supreme court rule, one may not appeal from a nonfinal order in a civil or criminal case because the reviewing court generally has jurisdiction only over final

judgments. (*In re Gomez* (1981), 100 Ill. App. 3d 299, 301, 426 N.E.2d 1004.) A final order decides the controversy on the merits. (*People v. Kuhn* (1988), 126 Ill. 2d 202, 207, 533 N.E.2d 909.) The order denying defendant's motion to designate the proceeding as a class action, vacating the sentence, and setting the matter for trial was not a final order and therefore was not appealable. See *Kuhn*, 126 Ill. 2d at 207 (there is no appellate jurisdiction where the trial court did not sentence defendant but merely continued the case).

The consolidated appeals are dismissed because of the lack of appellate jurisdiction.

Appeals dismissed.

RIZZI and FREEMAN, JJ., concur.