THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TAMMI S. HOOK, Defendant-Appellant.

Second District   No. 2—91—1199

Opinion filed May 26, 1993.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Val Gunnarsson, State's Attorney, of Mt. Carroll (William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE INGLIS delivered the opinion of the court:

Defendant, Tammi S. Hook, was convicted of first-degree murder (Ill. Rev. Stat. 1989, ch. 38, par. 9—1(a)(2)), sentenced to 25 years' imprisonment and fined $5,000, payable when she is on parole or mandatory supervised release. Defendant appeals, contending that (1) she is entitled to a new trial because her trial attorney had a conflict of interest in representing her while being paid by her parents, who she claims were *bona fide* murder suspects; and (2) the trial judge abused his discretion when imposing a $5,000 fine without considering her financial resources and ability to pay. Alternatively, defendant requests that she be given a credit of $5 a day toward the fine for each day

she was incarcerated before sentencing. Because we determine that jurisdiction is lacking, we dismiss the appeal.

On September 20, 1991, the trial court, after a three-day bench trial, found defendant guilty of first-degree murder in the death of her three-week-old son. She filed a motion for a new trial on October 18, 1991. On October 22, the trial court denied her motion, sentenced her to 25 years' imprisonment and ordered her to pay a $5,000 fine. Defendant then filed her notice of appeal that same day.

Thereafter, on November 20, 1991, defendant filed, in the trial court, a motion to reduce the sentence pursuant to section 5—8—1(c) of the Unified Code of Corrections (the Code) (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(c)). On November 21, the trial court ruled that the motion was timely filed and that it had jurisdiction, but it denied the motion. Defendant did not file a second notice of appeal after the motion to reduce the sentence was denied.

■ "A reviewing court has a duty to consider its jurisdiction and to dismiss an appeal if jurisdiction is lacking." (*People v. Theis* (1991), 220 Ill. App. 3d 24, 25.) We must decide whether a reviewing court in a criminal case is stripped of jurisdiction when the defendant files a timely motion to reduce sentence *after* filing the notice of appeal. For the reasons stated below, we answer that issue in the affirmative.

We seek guidance from three analogous cases. In *People v. Whigam* (1990), 202 Ill. App. 3d 252, after a final order, the defendant filed a motion to modify the order. Before the motion to modify was decided by the trial court, the defendant filed a notice of appeal. (*Whigam*, 202 Ill. App. 3d at 255.) Using Supreme Court Rule 303(a)(2) as a guide, the reviewing court held that under Supreme Court Rule 606(b), "a notice of appeal filed before the disposition of a motion directed to the final judgment in a criminal case is premature." *Whigam*, 202 Ill. App. 3d at 257.

In *People v. Curry* (1988), 167 Ill. App. 3d 146, the defendant filed a notice of appeal on the same day, but after, he was sentenced for aggravated battery. Thereafter, the defendant retained private counsel and filed a motion for a new trial. (*Curry*, 167 Ill. App. 3d at 147.) Private counsel argued that under Supreme Court Rule 309 (134 Ill. 2d R. 309), the defendant was entitled to withdraw his first notice of appeal before the record on appeal was filed in the reviewing court, which was done implicitly when defendant filed the motion for a new trial. After the trial court heard and denied the defendant's motion (*Curry*, 167 Ill. App. 3d at 149), defendant filed a second notice of appeal (*Curry*, 167 Ill. App. 3d at 147). On review, this court held that the trial court retained jurisdiction to rule on the motion for a new

trial. Private counsel's oral motion to dismiss the first notice of appeal was deemed the functional equivalent of filing a formal, written motion to dismiss the appeal under Rule 309. *Curry*, 167 Ill. App. 3d at 150.

In *People v. Giles* (1992), 230 Ill. App. 3d 730, the defendant filed, *pro se*, a notice of appeal after his attorney filed a motion to withdraw his guilty plea. (*Giles*, 230 Ill. App. 3d at 731.) The trial court would not rule on the motion to withdraw because a notice of appeal had been filed in the interim. (*Giles*, 230 Ill. App. 3d at 732.) This court held that the notice of appeal was "ineffectual and did not divest the trial court of its jurisdiction to consider and rule on the [motion]." The cause was remanded so the trial court could dispose of the pending motion. *Giles*, 230 Ill. App. 3d at 734.

Here, defendant's motion to reduce the sentence was filed after the notice of appeal was filed, which factually distinguishes this situation from that in *Whigam* and *Giles*. However, we extend the rationale in *Curry* and hold that the filing of the post-sentencing motion was an implicit motion to dismiss pursuant to Rule 309 (134 Ill. 2d R. 309), a rule which has been incorporated as a criminal practice rule (see 134 Ill. 2d R. 612(a)). (See *People v. Jackson* (1992), 239 Ill. App. 3d 165, 168 (McCullough, J., dissenting).) We hold that the trial court had jurisdiction to rule on defendant's motion to reduce the sentence. However, because defendant's notice of appeal was premature and because a second notice of appeal was not filed after the order denying defendant's post-sentencing motion, we do not have jurisdiction in this cause.

Appeal dismissed.

GEIGER and BOWMAN, JJ., concur.