THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DANIEL RICHMOND, Defendant-Appellant.

Third District   No. 3—94—0190

Opinion filed April 2, 1996.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Following a jury trial, defendant Daniel Richmond was found guilty of two counts of aggravated criminal sexual abuse and six counts of criminal sexual assault (720 ILCS 5/12—16(d), 12—13(a)(4) (West 1992)) of 14-year-old T.A. The court entered convictions on

counts I, II (abuse), V and VI (assault) and sentenced defendant to serve a total of 26 years in the Department of Corrections. Defendant appeals.

The issues before us are: (1) whether the indictment was defective for lack of specificity; (2) whether the trial court had jurisdiction to rule on defendant's post-sentencing motion; and (3) whether the court impermissibly increased defendant's sentences. For reasons that follow, we affirm defendant's convictions and modify his sentences.

### THE INDICTMENT

Initially, defendant contends that, because sexual offenses can be committed in various ways, charges that are brought solely in the language of the statutes defining them are fatally deficient. Defendant argues that the indictment in this case was insufficient because the charges lacked descriptions of an "act of sexual penetration" (720 ILCS 5/12—13(a)(4) (West 1992)) and "sexual conduct" (720 ILCS 5/12—16(d) (West 1992)). He further argues that the charge of aggravated criminal sexual abuse required an allegation that the sexual conduct was "for the purpose of sexual gratification or arousal of the victim or the accused" (720 ILCS 5/12—12(e) (West 1992)).

The charges at issue are framed in the statutory language. Count I of the indictment charges:

> "That on or about September 11, 1993, in *** Peoria County, State of Illinois, Daniel Paul Richmond committed the offense of AGGRAVATED CRIMINAL SEXUAL ABUSE in that he, knowingly committed an act of sexual conduct with [T.A.], who was at least 13 years of age but under 17 years of age and the defendant was at least 5 years older than [T.A.]"

Count II charges the same offense on September 12, 1993. Count V charges:

> "That on or about September 11, 1993, in *** Peoria County, State of Illinois, Daniel P. Richmond committed the offense of CRIMINAL SEXUAL ASSAULT in that he, a person of the age of 17 years or older knowingly committed an act of sexual penetration with [T.A.], who was at least 13 years of age but under 17 years of age when the act was committed and the defendant held a position of supervision to [T.A.] as the babysitter on said date for [T.A.]"

Count VI charges the same offense on September 12.

■ The precise question before us was addressed by our supreme court during the pendency of this appeal in *People v. DiLorenzo*, 169 Ill. 2d 318 (1996). In *DiLorenzo*, as here, defendant challenged the sufficiency of an indictment for the first time on appeal. Defendant

argued that an instrument charging aggravated criminal sexual abuse was fatally defective unless it explicitly described an act of "sexual conduct" and alleged that such act was committed for "sexual gratification." The court rejected defendant's position and applied a more liberal standard of review:

> "[W]hen *** the sufficiency of a charging instrument is attacked for the first time on appeal, *** it is sufficient that the indictment apprised the accused of the precise offense charged with enough specificity to (1) allow preparation of his defense and (2) allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct." *DiLorenzo*, 169 Ill. 2d at 322.

Applying the foregoing test in this case, we do not find that defendant suffered any prejudice as a result of the wording of the charges. We note that defendant here, as in *DiLorenzo*, did not request a bill of particulars, and there is no indication that prior to trial he was unaware of the nature of the sexual conduct and penetration that he was accused of committing.

At trial, defendant testified that on the dates in question the only physical contact he had with T.A. was swinging her around in the playground. He denied any other physical contact or sexual conduct of any kind with T.A. Defendant's theory of defense essentially pitted his own credibility against that of the minor. Under the circumstances, we fail to see how the lack of detail in the charging instrument could have hindered the preparation of his defense.

Further, each count in the indictment specified the complainant's name and the date and county of the offense. Thus, the charging instrument, together with the record of proceedings, was sufficient to bar subsequent prosecution for the same conduct. See *DiLorenzo*, 169 Ill. 2d at 325. Accordingly, we affirm defendant's convictions.

## TRIAL COURT'S POST-SENTENCING JURISDICTION

In his second claim of error, defendant contends that the trial court lacked jurisdiction to hear his post-sentencing motion and to take "corrective" action, because counsel did not file a motion to withdraw an earlier notice of appeal.

On March 11, 1994, the court imposed sentences of three years each for the aggravated criminal sexual abuse convictions and 10 years each for the criminal sexual assault convictions. The court ordered that all sentences run consecutively, for a prison term totaling 26 years.

At defendant's request, the circuit clerk filed a notice of appeal on March 15, 1994. On March 16, defense counsel filed a motion to reconsider and reduce sentence, but he did not move to dismiss the appeal.

On March 17, the court heard and denied defendant's motion. However, on its own motion, the court "corrected" its sentencing order by vacating the original sentences for criminal sexual assault and increasing them to 13 years each, and ordering that the sentences for aggravated criminal sexual abuse would run concurrently with the criminal sexual assault sentences. The circuit clerk then filed an amended notice of appeal revesting jurisdiction in this court on March 17.

Defendant notes that there is a split of authority within the Illinois Appellate Court as to whether the trial court has jurisdiction to hear a motion to reconsider which is filed after a notice of appeal and without a contemporary motion to dismiss the appeal. In arguing that the trial court lacked jurisdiction here, defendant cites the majority decision in *People v. Jackson*, 239 Ill. App. 3d 165, 606 N.E.2d 809 (4th Dist. 1992).

In *Jackson*, the defendant pleaded guilty to resisting a peace officer. He was sentenced *in absentia* on March 9, 1992, and on March 31, the circuit clerk filed a notice of appeal. Defendant filed a motion to reconsider sentence on April 3, but he failed to request that the notice of appeal be withdrawn. The trial court refused to hear the post-sentencing motion because of the prior notice of appeal.

On review, the *Jackson* majority affirmed, ruling that the filing of the notice of appeal deprived the trial court of jurisdiction. *Jackson*, 239 Ill. App. 3d at 167, 606 N.E.2d at 810. Justice McCullough dissented, finding that the trial court erred in ruling that it had lost jurisdiction without first recognizing that it had discretion to dismiss the appeal pursuant to Supreme Court Rule 309 (134 Ill. 2d R. 309). *Jackson*, 239 Ill. App. 3d at 168-69, 606 N.E.2d at 812 (McCullough, J., dissenting).

■ On analogous facts, the court in *People v. Hook*, 248 Ill. App. 3d 16, 615 N.E.2d 6 (2d Dist. 1993), and *People v. Curry*, 167 Ill. App. 3d 146, 520 N.E.2d 984 (2d Dist. 1988), held that the trial court is not deprived of jurisdiction if the motion to reconsider is brought within 30 days of sentencing. The court reasoned that Supreme Court Rule 309 permits a party to revest the trial court with jurisdiction by filing a motion to dismiss an appeal before the record is filed in the reviewing court. Therefore, where both a notice of appeal and a post-sentencing motion are filed within 30 days of sentencing, the filing of the motion may be deemed a Rule 309 motion to dismiss appeal (*Hook*, 248 Ill. App. 3d 16, 615 N.E.2d 6); and, by proceeding to decide the post-sentencing motion on its merits, the trial court implicitly grants the Rule 309 motion (*Curry*, 167 Ill. App. 3d 146, 520 N.E.2d 984).

In our opinion, the reasoning applied by the court in *Hook* and *Curry* and the dissent in *Jackson* is both compelling and consistent with this State's policy of promoting fairness and judicial economy. We therefore adopt the approach taken in these decisions and find that the trial court was not deprived of jurisdiction to rule on defendant's post-sentencing motion in this case.

## DEFENDANT'S SENTENCES

■ Lastly, we turn to defendant's contention that his sentences for criminal sexual assault were impermissibly increased after the court, on its own motion, vacated its original order and imposed concurrent sentences for aggravated criminal sexual abuse. Defendant argues that the court's action violates section 5—8—1(c) of the Unified Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)) and requests that his sentences be reduced to 10 years each, as originally imposed.

At the conclusion of defendant's sentencing hearing on March 11, 1994, the court observed that both mandatory and discretionary consecutive sentencing applied in this case. See 730 ILCS 5/5—8—4(a), (b) (West 1992). The court noted that a criminal sexual assault and aggravated criminal sexual abuse were committed as part of a single course of conduct on each of two dates. Therefore, mandatory consecutive sentences were required for the two offenses committed on each date. The court further considered the premeditated nature of the offense, that it was committed against a child entrusted to his care, and defendant's character and history of pedophilia. Based on these considerations, the court found that consecutive terms were necessary to protect the public from further criminal conduct by the defendant. Accordingly, the court ordered that all four sentences would run consecutively for a total of 26 years.

On March 17, the court reiterated its findings justifying consecutive sentences under section 5—8—4 of the Unified Code of Corrections. However, the court concluded that the statute mandated that sentences for offenses committed as part of a single course of conduct run concurrently. Consequently, the court imposed consecutive 13-year sentences for criminal sexual assault and ordered that the 3-year sentences for aggravated criminal sexual abuse run concurrently with the assault sentences. In "correcting" the sentencing order, the court stated that it intended to maintain the same total period of incarceration originally imposed.

First, we note that a trial court's attempt to impose the same aggregate period of imprisonment after modifying consecutive sentences to run concurrently violates section 5—8—1(c) of the Unified

Code of Corrections (730 ILCS 5/5—8—1(c) (West 1992)). *People v. Kilpatrick*, 167 Ill. 2d 439, 657 N.E.2d 1005 (1995). However, even were we to reverse defendant's 13-year assault sentences on this basis, we would not grant the relief defendant seeks in this appeal.

Section 5—8—4(a) of the Unified Code of Corrections mandates consecutive sentences when one of the offenses is a violation of section 12—13 of the Criminal Code of 1961 (criminal sexual assault) and the offenses were committed as part of a single course of conduct. 730 ILCS 5/5—8—4(a) (West 1992); *People v. Wittenmyer*, 151 Ill. 2d 175, 601 N.E.2d 735 (1992). If the conditions for mandatory consecutive sentences are met, an order imposing concurrent sentences is void and may be corrected by this court at any time. *People v. Arna*, 168 Ill. 2d 107, 658 N.E.2d 445 (1995).

From our review of the record, it is apparent that the trial court properly construed section 5—8—4(a) in its original sentencing order of March 11 and misinterpreted it on March 17. The order of March 11 was valid. The order of March 17, which vacated the original order imposing consecutive sentences for all four offenses, was void. *Arna*, 168 Ill. 2d 107, 658 N.E.2d 445. Accordingly, pursuant to our authority under Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), we reinstate defendant's sentences of 10 years for each criminal sexual assault and 3 years for each aggravated criminal sexual abuse and order that all four sentences run consecutively.

## CONCLUSION

Defendant's sentences are hereby modified such that he will serve consecutive prison sentences of 10 years each for two counts of criminal sexual assault and 3 years each for two counts of aggravated criminal sexual abuse, all sentences to be served consecutively for a total of 26 years. In all other respects, the judgment of the circuit court of Peoria County is affirmed.

Affirmed as modified.

McCUSKEY and SLATER, JJ., concur.