THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHNNY E. ROWE, Defendant-Appellant.

Second District No. 2—95—0551

Opinion filed September 16, 1997.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, and Lawrence D. Wechter, of Batavia, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and David A. Bernhard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Johnny E. Rowe, appeals his sentence, alleging various errors, including the ineffective assistance of counsel. We vacate the trial court's order striking defendant's *pro se* motion to reduce his sentence and remand the cause for further proceedings.

Defendant was charged by information with the offense of burglary of a vehicle (720 ILCS 5/19—1(a) (West 1994)). A jury found defendant guilty of the offense on March 7, 1995. The trial court entered

judgment on the verdict, ordered a presentence investigation (PSI) report, an alcohol and substance abuse evaluation, and an intensive probation evaluation. Julie Koerner, the assistant public defender who was defendant's trial counsel, filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial. A hearing was held on April 25, 1995, in which the trial court denied the posttrial motion and sentenced defendant to five years' imprisonment. Defendant's notice of appeal was filed by the clerk of the circuit court on the same date.

The record reveals that, after the trial, in March 1995, defendant *pro se* and Koerner moved for the appointment of counsel other than the public defender. Defendant alleged the ineffective assistance of trial counsel and claimed certain witnesses had not been called. The trial court denied defendant's motion in part, but agreed to appoint attorney Alex Rafferty for sentencing purposes and to address any allegations of the ineffective assistance of trial counsel; Koerner remained appointed for any other posttrial motion.

At the April 25 hearing, Rafferty reported the results of his investigation to the court and stated he found no evidence of ineffective assistance of defendant's trial counsel, Koerner. The trial court denied defendant's oral motion to find trial counsel ineffective. After further argument by attorney Koerner, the trial court also denied defendant's written posttrial motion. During the sentencing portion of the hearing, attorney Rafferty moved for a continuance to complete the intensive probation interview. The trial court denied the motion, indicating it would not delay the proceeding for this reason.

The court then considered the factors in aggravation and mitigation. It noted, among other things, defendant's previous violations of probation stemming from prior battery offenses and his failure to complete treatment for level III alcohol abuse. Because defendant denied his problems and failed to take responsibility for his actions, the court did not find defendant amenable to further treatment. The PSI report recommended imprisonment, but the report also stated that, if the court should elect to sentence defendant to probation, defendant should be subject to periodic imprisonment, along with certain conditions, and should be released only for employment or substance abuse treatment. The court sentenced defendant to five years' imprisonment with credit for time served.

On May 22, 1995, defendant filed a *pro se* motion to reduce his sentence (730 ILCS 5/5—8—1(c) (West 1994)). The motion was accompanied by defendant's affidavit and a notice of motion. On May 23, 1995, the trial court entered an order striking defendant's motion, stating that it lacked jurisdiction because of defendant's previously filed notice of appeal.

On appeal, defendant argues that counsel appointed for his sentencing was ineffective for failing to file any motion to reduce his sentence of imprisonment; that the waiver rule should not preclude defendant from asserting that the trial court erred in refusing to allow the completion of an application for intensive probation during the PSI and relied on an incomplete report; and that, in sentencing him to imprisonment, the court erred in failing to make either of the statutorily required findings necessary to deny probation, where he was convicted of a nonviolent offense and could have been eligible for intensive probation. Those findings required by statute are that (1) the defendant's imprisonment or periodic imprisonment is necessary for the protection of the public or (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice. 730 ILCS 5/5—6—1(a) (West 1994).

Defendant also claims, in effect, that he has been prejudiced in raising his sentencing issues by the failure of counsel to file a postsentencing motion as provided by section 5—8—1(c) of the Unified Code of Corrections (the Code) (730 ILCS 5/5—8—1(c) (West 1994)). *People v. Moncrief*, 276 Ill. App. 3d 533 (1995) (statutory amendment subsequent to *People v. Lewis*, 158 Ill. 2d 386 (1994), appears to require written motion to preserve sentencing issues or waiver rule may be applied absent plain error); see *People v. Beals*, 162 Ill. 2d 497, 510 (1994) (sentencing issue waived); *People v. Reed*, 282 Ill. App. 3d 278 (1996) (citing waiver rule of *Moncrief* with approval), *appeal allowed*, 168 Ill. 2d 616 (1996).

Given the procedural posture of this case, we believe it would be improper to address the merits of defendant's sentencing issues. Instead, we conclude that the trial court erred in refusing to consider defendant's *pro se* motion to reduce his sentence because of its misperception that it did not have jurisdiction to consider the motion where a notice of appeal had already been filed. We remand the cause for further proceedings.

■ Ordinarily, the filing of a notice of appeal divests the trial court of jurisdiction to enter any order involving a matter of substance and causes the jurisdiction of the appellate court to attach *instanter*. *People v. Curry*, 167 Ill. App. 3d 146, 149 (1988). However, this court has held that the timely filing of a postsentencing motion (*i.e.*, within 30 days of the judgment) acts as an implicit motion to dismiss the notice of appeal and renders the notice of appeal ineffectual. *People v. Hook*, 248 Ill. App. 3d 16, 18 (1993), relying in part on *People v. Giles*, 230 Ill. App. 3d 730 (1992) (postguilty-plea motions rendered notice of appeal ineffectual and did not deprive trial court

of jurisdiction to consider and rule on motions; cause remanded for trial court to rule on pending motions); accord *People v. Richmond*, 278 Ill. App. 3d 1042, 1046-47 (1996) (rule applied to postsentencing motion; cited *Hook* and *Curry* with approval); *Curry*, 167 Ill. App. 3d 146; see *People v. Jackson*, 239 Ill. App. 3d 165, 168-69 (1992) (McCullough, J., dissenting).

Section 5—8—1(c) of the Code *requires* a trial court to consider the merits of a motion to reduce a sentence that is timely filed, if the movant is diligent in seeking a ruling. *People v. Soles*, 226 Ill. App. 3d 944, 947 (1992) (trial court erred in refusing to rule on the merits of defendants' motions to reconsider their sentences). Moreover, if such a motion is properly and timely filed, "then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court." 730 ILCS 5/5—8—1(c) (West 1994). In other words, the proper filing of such a motion not only negates the effect of the notice of appeal and revests the trial court with jurisdiction, but it also tolls the running of the time for appeal until the trial court properly rules on the motion. See *People v. Jenkins*, 251 Ill. App. 3d 1, 9 (1993) (Chapman, P.J., specially concurring).

We are aware that a similar, though not identical, situation was recently addressed in *People v. Neal*, 286 Ill. App. 3d 353 (1996). The Appellate Court, Fourth District, remanded that matter to the trial court with instructions to strike a pending *pro se* motion directed at sentencing issues. On the surface, our order and the order in *Neal* appear inconsistent and irreconcilable. However, we do not believe that to be the case.

The difference in these two cases is subtle but significant. In *Neal*, the defendant had been actively represented in his direct appeal, but appellate counsel chose not to raise the grounds set forth in defendant's *pro se* motion to reduce the sentence. Therefore, the direct appeal reviewing court scrutinized the record on appeal, the briefs, and the transcripts that were sent up, absent the *pro se* motion, and issued an order under Supreme Court Rule 23 (*People v. Neal*, 275 Ill. App. 3d 1149 (1995) (unpublished order under Supreme Court Rule 23)) disposing of the matter. While that appeal was pending, the *pro se* motion to reduce Neal's sentence was being heard and denied in the trial court. After those hearings were concluded, another timely notice of appeal was filed. This subsequent reviewing court was then faced with thorny jurisdiction issues as a result of the unusual procedural process employed.

In the case at bar, appointed counsel argued the fact that a *pro se*

motion had been filed and stricken, and thus we have been able to identify the problem before any appellate decision has been rendered. In doing so, we are also able to address some procedure and policy issues that have created this jurisdictional quagmire.

Initially, we note that many trial courts order the clerk of the circuit court to file a notice of appeal on behalf of the defendant on the day of sentencing. This procedure certainly guarantees that the notice is filed prior to the expiration of the 30-day period set forth in Supreme Court Rules 605 and 606 (145 Ill. 2d R. 605; 134 Ill. 2d R. 606). This procedure also appears to eliminate the need for an additional court appearance to request that such a notice be filed when an indigent defendant remains in custody after sentencing.

However, these orders to file the notice of appeal on the day of sentencing also prompt another series of motions and orders that effectively leave indigent defendants without actual and practical legal representation during the 30 days immediately following sentencing. Appointed trial counsel customarily request that they be relieved of the responsibility of representation once a notice of appeal has been filed. At the same time, they request orders appointing the Office of the State Appellate Defender (OSAD) to represent the defendants on appeal. Similarly, trial counsel hired by defendants or on behalf of defendants frequently ask leave to withdraw as their clients are present when the sentencing order is entered. When no objection is noted, trial courts allow the withdrawal. At that time, either the defendants are left without legal representation or, upon withdrawal, counsel make a motion for the appointment of the OSAD to represent the defendants on appeal. Motions to appoint the OSAD are generally granted at this stage of the proceedings.

There is no dispute that the notices of appointment are transmitted to the OSAD in a timely fashion. However, there is also no dispute that the OSAD is rarely in a position to secure the transcripts of the proceedings, contact the defendants concerning sentencing issues, and file appropriate motions within 30 days after sentencing. Therefore, defendants are compelled to file rough, poorly drafted *pro se* motions raising sentencing issues, or they write letters to the trial judges asking for assistance to raise sentencing issues. Finally, heavy caseloads often prevent any meaningful response to or notice of these *pro se* efforts until after the record on appeal is transmitted to the appellate court, and then that record on appeal often does not indicate that the *pro se* matters are pending.

This court believes that the practices described above are genuinely undertaken to protect the criminal defendants' rights on appeal and to efficiently implement appropriate supreme court rules.

However, as admitted in the *Neal* case and as identified here, harsh consequences can result for the defendants, and judicial resources are unnecessarily spent.

Furthermore, there are other salutary reasons for allowing the trial court to rule on the merits of any sentencing issues raised by postsentencing motion before taking an appeal to this court. Absent such a ruling, as in this case, the motion goes unconsidered and undecided, and the reviewing court is forced to consider the appeal without the benefit of the trial court's having had the opportunity to correct any potential errors in sentencing. See *Giles*, 230 Ill. App. 3d at 733. While it might take a little more effort on the part of the parties and the trial court, the consideration of a defendant's postsentencing motion on the merits permits both the State and the defendant to present further evidence or argument and the trial court to rethink its decision if necessary. The record then presented on appeal will be further clarified and will ultimately promote judicial economy and the finality of judgments. See *Jenkins*, 251 Ill. App. 3d at 6.

■ In this case, on May 22, 1995, defendant filed a timely motion and notice of motion in accordance with the statute. The trial court refused to rule on the merits of the motion, incorrectly believing it had lost jurisdiction. The court's decision was without authority as it was required to rule on the merits of the motion, and its decision did not constitute a final judgment on the merits for purposes of appeal as contemplated by the statute. Jurisdiction remained in the trial court until a ruling could be rendered on the merits. To rule otherwise would create absurd results and create a trap for the defendant who follows the statutory requirements—only to be foreclosed from a timely remedy.

In *Giles*, 230 Ill. App. 3d 730, the trial court's failure to rule on the defendants' timely filed postguilty-plea motions was held to render the later filed notices of appeal ineffective. The reviewing court reversed the order directing the filing of the notices of appeal and remanded the cause to consider each defendant's motion.

Here, the timely filing of defendant's postsentencing motion negated the effect of the notice of appeal. Furthermore, we have determined that the trial court's refusal to hear defendant's timely filed postsentencing motion cannot be deemed to have been a final order for purposes of appeal; the trial court retains jurisdiction until it rules on the merits of defendant's motion.

Finally, we recognize that the problems discussed above due to the procedure and policy issues identified may arise in other types of criminal proceedings. However, our decision is limited to the fact pattern presented by this case.

The order of the circuit court of Lake County striking defendant's postsentencing motion is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

BOWMAN and DOYLE, JJ., concur.