January 22, 1999

NO. 5-98-0371

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  Madison County.

                                    )  

v.                                  )  No. 97-CF-355

                                    )  

KENNETH EVERAGE,                    )  Honorable

                                    )  David R. Herndon,

     Defendant-Appellant.           )  Judge, presiding.  

_________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:  

A jury found defendant, Kenneth Everage, guilty of home invasion.  On June 5, 1998, defendant was sentenced to 60 years' imprisonment.

On June 8, 1998, defendant filed a motion to reconsider sentence.

On June 10, 1998, defendant filed a 
pro se
 notice of appeal.

On June 12, 1998, defendant's motion to reconsider sentence was denied.  No second notice of appeal was filed.  

This court directed defendant to show cause why this appeal should not be dismissed for lack of jurisdiction pursuant to Supreme Court Rule 606(b) (134 Ill. 2d R. 606(b)), as the notice of appeal was filed prior to the disposition of the motion to reconsider sentence.  

In response, defendant asserts that the appeal should be dismissed pursuant to 
People v. Bounds
, 182 Ill. 2d 1, 694 N.E.2d 560 (1998).  We disagree.  We find that 
Bounds
 is not controlling.  Instead, we hold that the dismissal of this appeal is mandated by Supreme Court Rule 606(b) and section 5-8-1(c) of the Unified Code of Corrections (730 ILCS 5/5-8-1(c) (West 1996)).  Accordingly, we dismiss this appeal for lack of jurisdiction.  

In 
Bounds
, the capital defendant filed a postconviction petition.  On March 28, 1996, the circuit court granted the State's motion to dismiss the petition.  Twenty-nine days later, defendant filed both a motion for reconsideration and a notice of appeal.  A question was raised as to the jurisdictional impact the simultaneous filing of the notice of appeal and the motion to reconsider would have on the court's jurisdiction.  The 
Bounds
 court held that defendant's notice of appeal vested the appellate court with jurisdiction 
instanter
 and divested the circuit court of jurisdiction.  
Bounds
, 182 Ill. 2d at 3, 694 N.E.2d at 561.  

If 
Bounds
 is applied herein, this court was vested with jurisdiction when defendant filed his notice of appeal and the circuit court was divested of power to consider the motion to reconsider sentence.  Contrary to defendant's contention, 
Bounds
 would not mandate the dismissal of this appeal; instead, 
Bounds
 would require this appeal to go forward with no sentencing issues preserved for review.  The difference between this case and 
Bounds
 is that, in this appeal, defendant's notice of appeal and motion to reconsider were not filed on the same day, although both were filed within 30 days of the final judgment.  We believe that this is a distinction without a difference as 
Bounds
 seems to hold that the filing of a notice of appeal constitutes the abandonment of the posttrial motion. 

Parenthetically, we note that the supreme court looked unfavorably upon the "abandonment" theory in a civil appeal construing Supreme Court Rule 303(a) (155 Ill. 2d R. 303(a)).  
Chand v. Schlimme
, 138 Ill. 2d 469, 563 N.E.2d 441 (1990).  The court found that there must be a more affirmative indication of an abandonment of a timely filed posttrial motion than the mere filing of a notice of appeal.  138 Ill. 2d at 480, 563 N.E.2d at 446.  Admittedly, the court was construing the more specific language of Rule 303(a) providing that when a timely postjudgment motion has been filed by any party, a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion shall have no effect and shall be withdrawn by the party who filed it.  However, as one court has noted, the outcome should be no different under Supreme Court Rule 606(b).  See 
People v. Whigam
, 202 Ill. App. 3d 252, 257, 559 N.E.2d 896, 899 (1990).

Supreme Court Rule 606(b) provides that a notice of appeal must be filed within 30 days after the entry of the final judgment or, if a motion directed against the judgment is timely filed, within 30 days after the entry of the order disposing of the motion.  134 Ill. 2d R. 606(b).  It is well established that a motion to reconsider sentence is a "motion directed against the judgment" which, if timely filed, will toll the 30-day appeal period.  See 
People v. Easley
, 199 Ill. App. 3d 179, 183, 556 N.E.2d 802, 805 (1990).  The "or if" language of Rule 606(b) suggests that if a timely posttrial motion is filed, the 30-day appeal period is tolled even if a notice of appeal is also filed within the same 30 days.  The appellate court has so held, finding that a timely filed postsentencing motion constitutes an implicit motion to dismiss an appeal despite the defendant's failure to file a formal motion to dismiss the appeal pursuant to Supreme Court Rule 309 (134 Ill. 2d R. 309), which is made applicable to criminal appeals pursuant to Supreme Court Rule 612(a) (134 Ill. 2d R. 612(a)).  See 
People v. Hook
, 248 Ill. App. 3d 16, 615 N.E.2d 6 (1993) (where both notice of appeal and postsentencing motion filed within 30 days of sentencing, motion treated as implicit motion to dismiss appeal); accord 
People v. Richmond
, 278 Ill. App. 3d 1042, 663 N.E.2d 1090 (1996); 
People v. Rowe
, 291 Ill. App. 3d 1018, 684 N.E.2d 1368 (1997); but see 
People v. Jackson
, 239 Ill. App. 3d 165, 606 N.E.2d 809 (1992) (notice of appeal trumps posttrial motion).

Unlike 
Bounds
, the 
Hook
 line of cases involves direct appeals from a judgment entered on a verdict, rather than postconviction relief.  We believe that this sufficiently distinguishes 
Bounds
 as 
Bounds
 does not involve the application of section 5-8-1(c) of the Unified Code of Corrections (730 ILCS 5/5-8-1(c) (West 1996)).  The statute provides in pertinent part:

"A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed.  A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence.  However, the court may not increase a sentence once it is imposed.

If a motion filed pursuant to this subsection is timely filed within 30 days after the sentence is imposed, the proponent of the motion shall exercise due diligence in seeking a determination on the motion and the court shall thereafter decide such motion within a reasonable time.

If a motion filed pursuant to this subsection is timely filed within 30 days after the sentence is imposed, then for purposes of perfecting an appeal, a final judgment shall not be considered to have been entered until the motion to reduce a sentence has been decided by order entered by the trial court."  730 ILCS 5/5-8-1(c) (West 1996).  

The statute clearly provides that if a postsentencing motion is timely filed, then the circuit court is required to consider the motion, and for purposes of perfecting an appeal, no final judgment shall be considered entered until the motion is disposed of by order entered by the trial court.  Read together, Supreme Court Rule 606(b) and section 5-8-1(c) provide that if a "motion directed against the judgment" is timely filed, in this case, a postsentencing motion, then the appeal period is tolled until that motion is ruled upon.  Here, defendant's timely motion to reconsider sentence rendered his notice of appeal premature.  As defendant failed to file another notice of appeal following the disposition of his motion to reconsider, this appeal must be dismissed for lack of jurisdiction.  

Our decision is buttressed by both practical and policy considerations.  Our supreme court has recently held that section 5-8-1(c) requires a written postsentencing motion, reflecting a clear legislative intent to make a postsentencing motion the functional equivalent of a posttrial motion for purposes of preserving issues for review.  See 
People v. Reed
, 177 Ill. 2d 389, 394, 686 N.E.2d 584, 586 (1997).  The court noted that requiring a written postsentencing motion allows the trial court the opportunity to review a defendant's contention of sentencing error and saves the delay and expense inherent in an appeal if they are meritorious.  Such a motion focuses the attention of the trial court upon a defendant's alleged errors and gives the appellate court the benefit of the trial court's reasoned judgment on those issues.  
Reed
, 177 Ill. 2d at 394, 686 N.E.2d at 586.  Requiring the trial court to consider a timely filed postsentencing motion, despite the filing of a notice of appeal, insures that defendant's postverdict rights are maximized and that all sentencing issues are preserved for appeal.  

With respect to practical considerations, we note that it is not unusual for trial courts to direct the clerk of the circuit court to file a notice of appeal on behalf of the defendant on the day of sentencing, in accordance with Supreme Court Rule 606(a) (134 Ill. 2d R. 606(a)).  Trial counsel is discharged and the State Appellate Defender is appointed.  While this procedure guarantees that an appeal is filed, it leaves indigent defendants in legal limbo during the critical 30-day period following sentencing.  The appointed agency cannot act within such a short time, and defendants end up filing poorly drafted 
pro se
 pleadings attacking their sentences.  See 
Rowe
, 291 Ill. App. 3d at 1022, 684 N.E.2d at 1371.  These pleadings are often ignored.  There is also the factual scenario presented herein where defendant stands with his attorney in open court at the time of sentencing and is admonished of his appeal rights.  In order to protect his right to review, defendant files a 
pro se
 notice of appeal, followed by counsel's motion for reconsideration of sentence as required under 
Reed
.  Under either scenario, requiring the trial court to dispose of the timely filed postsentencing motion vindicates defendants' rights under section 5-8-1(c).  To rule otherwise would penalize the unwary defendant who invokes his right to relief under the statute only to be foreclosed from review.  See 
Rowe
, 291 Ill. App. 3d at 1022, 684 N.E.2d at 1371.  We cannot condone such a result.

Appeal dismissed.

CHAPMAN and KUEHN, JJ., concur.

JUSTICE KUEHN, dissenting:

This is checkmate. After a series of improvident moves, defendant has lost his right to appeal. No further maneuver on his part can salvage it. The deadline for the pursuit of the right to file a late notice of appeal expired while we debated whether a premature notice of appeal conferred appellate jurisdiction.

While this blunder could be attributed to a host of failures, defendant made but one mistake. He put his faith in a judge's advice. He did precisely what a judge told him to do in order to perfect his appeal. Perhaps he should have known better than to follow directions from a judge on how to invoke appellate jurisdiction, but I would allow for his misguided reliance and remand for better instructions.

We do not have to deprive defendant of the right to appeal. Under the circumstances presented, we are empowered to remand for further proceedings that would allow defendant to renew his efforts. 
People v. Foster
, 171 Ill. 2d 469, 474, 665 N.E.2d 823, 826 (1996).

Since the majority does not examine the circumstances that concern me, here is what happened. The defendant was told:

"[L]et me advise you that if you have a wish to move to change the sentence that I give you, 
you have to file a written motion within 30 days. If you wish to file an appeal of your case, you have to file that appeal within 30 days. You have to file those motions if you are unable to employ your own counsel, then we will appoint counsel to represent you
." (Emphasis added.)

Defendant was not told that if he moved to change sentence, he should await decision on that motion and file his notice of appeal within 30 days after the ruling.

Despite this recipe for a premature notice of appeal, the court's invitation to file two 
pro se
 pleadings within the same 30-day deadline was declined. Defendant did not file a 
pro se
 motion to change his sentence. On June 8, 1998, the public defender filed a boilerplate motion to reconsider sentence on defendant's behalf.

We know that defendant wanted to appeal his conviction. Having been told that he had to file for appeal on his own within 30 days, defendant filed a handwritten 
pro se
 notice of appeal from the Madison County jail on June 10, 1998.

We are not as certain that defendant wanted to pursue a motion to reconsider sentence. He did not pursue the judge's directions to file a 
pro se
 motion to change sentence. Moreover, he did not want the public defender to act on his behalf. Defendant filed a 
pro se
 motion to dismiss the public defender with his 
pro se
 notice of appeal. In it, he stated his intention to raise on appeal the issue of ineffective assistance of counsel. The motion to dismiss his lawyer was signed by defendant and verified by jail personnel on June 8, 1998, the same day that the motion to reconsider sentence was filed.

In any event, the perfunctory motion to reconsider sentence, in all probability filed as a matter of course to preserve defendant's sentencing issues for appeal, was denied in summary fashion. The June 12, 1998, record is devoid of any hearing or argument on the motion. It does not appear that defendant was even present when the court ruled upon the motion. Defendant received no further instructions on how to proceed. Instead, he was appointed the appellate defender to pursue the appeal that he attempted to initiate. The majority opinion describes the events that ensued.

The State points out that the trial judge told defendant that he had to file a notice of appeal within 30 days, which is what Supreme Court Rule 605(a) (145 Ill. 2d R. 605(a)) requires. However, the State does not address the question that concerns me.

When the trial judge added advice on sentence modification to his admonition that an appeal had to be pursued within 30 days, he invited the filing of a posttrial motion that would impair any appeal initiated pursuant to his admonition. The purpose of Supreme Court Rule 605(a) is to assure that a defendant understand how to perfect his right to appeal. This purpose is not achieved and, indeed, can be frustrated by advising a defendant to file for a sentence modification and an appeal within the same 30-day deadline. Without more information, a defendant does not understand how to perfect an appeal.

This defendant was told that he should file a motion to change sentence and a notice of appeal within 30 days, and that is precisely what he did. Obviously, he did not understand how to perfect his appeal.

The question is whether we will allow a defendant to lose the fundamental right to appeal where he relies on and complies with judicial direction designed to assure its protection. Since the defendant did no more than what he was told to do, and as doing it resulted in a defective appeal, we should remand for further proceedings, rather than dismiss the appeal. Defendant should not forfeit his appeal rights under the circumstances presented. 
Foster
, 171 Ill. 2d at 474, 665 N.E.2d at 826; 
People v. Robinson
, 229 Ill. App. 3d 627, 628, 593 N.E.2d 148, 149 (1992); 
People v. Raue
, 236 Ill. App. 3d 948, 953, 602 N.E.2d 846, 850 (1992); 
People v. Patrick
, 188 Ill. App. 3d 542, 546, 544 N.E.2d 1042, 1044 (1989).

There is another salient reason to remand rather than dismiss. The trial judge who told defendant to file for sentence reconsideration and appeal within the same time frame should have recognized that such advice resulted in a defective notice of appeal when he entered his June 12, 1998, final order. He had defendant's 
pro se
 notice of appeal file-marked June 10, 1998, in hand when he denied the motion to reconsider sentence.

The notice of appeal was premature on its face. It was filed two days before the trial court ruled upon the motion to reconsider sentence. Notwithstanding, the judge did not correct the error. He exacerbated it. He did not vacate the notice of appeal and again advise defendant. He did not even allow the public defender 30 days to file an efficacious notice of appeal after the final order was entered. Instead, the judge treated the premature notice as though it was effectual and acted on it in a way that assured the inevitable outcome. On the same day that he entered final judgment, the judge relieved defendant's public defender by the appointment of an appellate defender to proceed with the defective appeal.

Ordinarily, we correct for a judicial mistake that contributes to noncompliance with our rules rather than allow that mistake to work forfeiture of a fundamental right. 
Foster
, 171 Ill. 2d at 474, 665 N.E.2d at 826. We should do so here.