THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD L. CANTERBURY, Defendant-Appellant.

Second District   Nos. 2—99—0318, 2—99—0319, 2—99—0320 cons.

Opinion filed June 5, 2000.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GALASSO delivered the opinion of the court:

Defendant, Richard Canterbury, pleaded guilty to two counts of forgery (720 ILCS 5/17—3(a)(2) (West 1998)) and one count of unlawful possession of a stolen motor vehicle (unlawful possession) (625 ILCS 5/4—103(a)(1) (West 1998)). Pursuant to an agreement with the State, the court sentenced him to seven years' imprisonment for unlawful possession and concurrent three-year terms for forgery. The court denied defendant's motion to withdraw his guilty plea. He appeals, contending that the pleas were not voluntary where his vision problems prevented him from understanding the agreement and the plea proceedings.

Defendant was charged with numerous offenses in three separate cases. The State originally approached defendant with a plea offer involving an extended-term sentence but defendant rejected it. Later, the parties did enter into a plea agreement. The prosecutor informed the court, in defendant's presence, that defendant would plead guilty to two counts of forgery and one count of unlawful possession. In exchange, the State would dismiss the remaining charges and recommend concurrent prison terms of seven years for unlawful possession and three years for each forgery count.

The trial court informed defendant of the possible penalties for forgery and unlawful possession. Defendant said he understood. The court advised defendant that he had a right to a trial by a judge or a jury in which he would have to be proved guilty beyond a reasonable

doubt. The court told defendant that if he pleaded guilty there would never be a trial of any kind in these cases. Furthermore, the court admonished defendant that if he chose a trial, he would have the right to be present, to confront witnesses against him, to have the assistance of counsel, to call witnesses in his defense, to subpoena witnesses if necessary, and to testify or not testify. Defendant said that he understood these rights.

Defendant also stated that no one had promised him anything different from what had been discussed, no one had threatened him in any way, and he had talked to his lawyer about the negotiations. Defendant admitted to the factual basis for the charges and the court imposed the agreed-upon sentence. In response to the court's query, defendant said that he did not have any questions.

Defendant filed *pro se* motions to withdraw his guilty pleas along with motions for the appointment of counsel other than the public defender and notices of appeal in each case. The court appointed counsel who filed a supplemental motion to withdraw the pleas. The motion alleged that trial counsel had advised defendant that the negotiation was for a four-year term and it was not until defendant appeared in court that he learned that he was actually to receive a seven-year sentence. The motion also alleged that vision problems prevented defendant from reviewing the discovery to determine if the guilty pleas were in his best interests. In a letter attached to the motion, defendant said he signed a "plea agreement" believing it reflected a four-year deal, but that he was unable to read it for himself because of his vision problems.

At the hearing on the motion, defendant testified that his trial attorney told him the State would agree to a four-year sentence in exchange for his plea, and he agreed to this offer. He was "shocked" when the court imposed a seven-year sentence. He said that during the hearing he tried to get his lawyer's attention to ask what was going on, but she waved him off and would not respond. Defendant said he was unable to read at that time because of vision problems in both eyes. On cross-examination, defendant admitted that he understood the court's admonishments. He heard the prosecutor tell the court that the agreement was for a seven-year term. He did not object at that time because he "had already signed the plea agreement so what good would it do?"

The trial court denied the motions and defendant filed notices of appeal in each case. This court consolidated the appeals.

■ Initially, we must determine our jurisdiction over this appeal. Citing *People v. Bounds*, 182 Ill. 2d 1 (1998), the State contends that we lack jurisdiction because this court's jurisdiction attached im-

mediately when defendant filed his *pro se* notices of appeal. Therefore, the trial court lacked jurisdiction to rule on defendant's motion to withdraw the guilty pleas.

Even if the State's argument is correct, this court has jurisdiction of defendant's appeals because he filed notices of appeal within 30 days of his convictions. However, we would have to vacate the trial court's subsequent order as having been entered without jurisdiction and affirm defendant's convictions because he did not properly move to withdraw his pleas before appealing.

This court has followed the rule that a timely filed posttrial motion that attacks the judgment or requests a modification effects an implied dismissal of any simultaneous or previously filed notice of appeal. *People v. Rowe*, 291 Ill. App. 3d 1018, 1020-21 (1997); *People v. Hook*, 248 Ill. App. 3d 16, 18 (1993). In *Bounds*, the supreme court held that defendant's notice of appeal, filed the same day as a motion to reconsider, deprived the trial court of jurisdiction and immediately vested jurisdiction in the supreme court. *Bounds*, 182 Ill. 2d at 3.

*Bounds* involved the dismissal of a postconviction petition. Since then, one district of the appellate court has held that *Bounds* applies only to postconviction petitions and not to direct appeals from convictions. *People v. Everage*, 303 Ill. App. 3d 1082, 1085 (1999). *Contra People v. Jenkins*, 303 Ill. App. 3d 854, 857-60 (1999). The rationale for this distinction is that, in a postconviction proceeding, unlike in a direct appeal, a defendant is not required to file a posttrial motion to preserve issues for appeal. *Everage*, 303 Ill. App. 3d at 1085.

We continue to follow those cases holding that the filing of a timely posttrial motion directed against the judgment simultaneously with or subsequent to a notice of appeal effectively abandons the appeal and vests the trial court with jurisdiction to adjudicate the posttrial motion. In this case, defendant, acting *pro se*, filed a motion to withdraw his guilty pleas and notices of appeal at the same time. We will not indulge the fiction that defendant intended to secure the trial court's ruling on his motion to withdraw his guilty pleas, a prerequisite to an appeal (see 145 Ill. 2d R. 604(d)), and, at the same time, deprive the court of jurisdiction to make that ruling. The more logical and equitable approach is to disregard the initial notices of appeal. The trial court therefore had jurisdiction to adjudicate defendant's motion to withdraw his guilty pleas.

■ Turning to the merits, we agree with the State that the trial court did not abuse its discretion in denying defendant's motion to withdraw the pleas. A defendant has no absolute right to withdraw a guilty plea (*People v. Thurmond*, 262 Ill. App. 3d 200, 202 (1994)) and bears the burden of showing the necessity for withdrawal (*People v.*

*Artale*, 244 Ill. App. 3d 469, 475 (1993)). It is within the trial court's discretion whether to permit a guilty plea to be withdrawn, and its decision will not be disturbed absent an abuse of that discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991); *People v. Staple*, 233 Ill. App. 3d 8, 10 (1992).

█ A court should allow a defendant to withdraw his plea where the plea was entered based on a misapprehension of the facts or the law or because of misrepresentations by counsel, where there is doubt of defendant's guilt, where he has a defense worthy of consideration, or where the ends of justice will be better served by submitting the case to a jury. *Davis*, 145 Ill. 2d at 244; *Artale*, 244 Ill. App. 3d at 475. Subjective impressions alone are not sufficient grounds to vacate a guilty plea absent some objective proof that the subjective impressions were justified. *People v. Wilson*, 295 Ill. App. 3d 228, 236 (1998); *People v. Christensen*, 197 Ill. App. 3d 807, 812 (1990).

█ Here, there is no objective basis for defendant's belief that he would receive a four-year sentence. Defendant testified that his trial lawyer told him the plea bargain called for a four-year term. This statement is uncorroborated, and we note that defendant's attorney did not testify. However, had his lawyer made such a statement, defendant's mistaken impression should have been cleared up in court. Both the prosecutor and the trial court referred to a seven-year sentence. At the guilty plea hearing, defendant said that he understood the terms of the agreement, that no other promises or threats had been made, and that he had no questions. At the hearing on the motion to withdraw, defendant conceded that he understood the prosecutor's and court's statements about the sentence but did not object.

The voluntariness of defendant's pleas was not affected by his ocular disabilities. Defendant claims that he signed a document, which he could not read, that he thought embodied the plea agreement. In his appellant's brief, he concedes that no written statement of the plea agreement exists and that the document he signed was probably a routine jury waiver. He argues that this document is nevertheless relevant because it explains his failure to object to the terms of the agreement stated at the plea hearing. We disagree. The court asked defendant at the hearing whether any other promises had been made or whether he had any questions. Defendant never mentioned the document he allegedly signed. Rather, he said that there were no other promises and he had no questions. Defendant's signing of the document does not explain his negative answers to the court's specific questions. Defendant must have been aware that he had the opportunity to object to the agreement or to ask questions at that time,

but he failed to do so. This demonstrates that defendant correctly understood the agreement.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and RAPP, JJ., concur.