THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LADIUS STEVENS, Defendant-Appellant.

First District (5th Division)   Nos. 1—97—1560, 1—99—2026 cons.

Opinion filed August 3, 2001.—Rehearing denied October 4, 2001.—Modified opinion filed October 12, 2001.

Rita A. Fry, Public Defender, of Chicago (James S. Jacobs, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda D. Woloshin, and Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

JUSTICE REID delivered the opinion of the court:[1]

Ladius Stevens (Stevens) was charged with multiple counts of murder, felony murder, aggravated possession of a stolen motor vehicle, possession of a stolen motor vehicle and burglary. These charges stem from Stevens having stolen a Ford Explorer and leading the police on a high-speed chase culminating in the Explorer striking another vehicle. As a result of that collision, Guadalupe Guzman, the driver of the other vehicle, was killed. Defendant pled guilty to two counts of murder and one count of aggravated possession of a stolen motor vehicle. The trial court sentenced defendant to 27 years in prison for murder and a concurrent sentence of 10 years on the aggravated possession of a stolen motor vehicle count. On appeal, defendant asserts that the trial court should have granted his motion to withdraw his plea of guilty and, in the alternative, his sentence was excessive. For the reasons that follow, we affirm.

I

Prior to trial commencing on January 8, 1997, the parties

---

[1]Justice Reid has succeeded Justice Morton Zwick on the court.

participated in a plea conference in July of 1996 with the trial judge, the late Honorable Loretta Hall-Morgan. During this conference, the judge informed defense counsel that upon defendant pleading guilty to the charges, she would sentence the defendant to 20 years in prison. The defendant rejected this offer and elected to be tried in a bench trial before Judge Hall-Morgan. Prior to the start of trial, the State dismissed the burglary and the felony murder charge based on burglary. After the presentation by the State of the first two witnesses, Stevens moved to change his plea to guilty. Judge Hall-Morgan advised the defendant repeatedly that she did not feel bound by the prior offer of 20 years and she could sentence the defendant to a longer sentence, if he pled guilty. Defendant persisted in his request to plead guilty and the court accepted his plea to one count of murder based on the defendant knowing his actions created a strong probability of death or great bodily harm to Guzman; one count of felony murder based on aggravated possession of a stolen motor vehicle, and one count of aggravated possession of a stolen motor vehicle. When he next appeared in court, Stevens indicated he wanted to withdraw his guilty plea, claiming he had been misrepresented by his trial counsel and that he did not fully understand the nature of his plea. The trial court denied Stevens' motion to withdraw.

The trial court, after a hearing in aggravation and mitigation, sentenced Stevens to 27 years on the charge of first degree murder and 10 years on the charge of aggravated possession of a motor vehicle. These sentences were to be served concurrently. Fifteen days after the sentencing hearing, Stevens filed a *pro se* motion to withdraw the guilty plea and to vacate the sentence. Stevens also filed a motion to reconsider the sentence, claiming in part that his actions resulting in Guzman's death were reckless and not knowing or intentional. The trial court denied both motions, finding they had not been timely filed as Stevens had filed his notice of appeal the day after he was sentenced, thereby depriving the trial court of jurisdiction to hear motions.

The first appeal, docketed under appellate No. 1—97—1560, raised numerous legal issues including the trial court's inadequate admonishments as to defendant's right to appeal, abuse of discretion in failing to allow Stevens to withdraw his guilty plea and an excessive sentencing argument. In the published opinion of *People v. Stevens*, 297 Ill. App. 3d 408 (1998) (*Stevens* I), this court remanded the matter back to the trial court so that Stevens could be adequately advised of his rights to appeal under Illinois Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)) and, if he so elected, to file a new motion to withdraw his guilty plea. The opinion in *Stevens* I contemplated that, if Stevens' motion to withdraw his plea was denied, he would be allowed to ap-

peal the denial pursuant to Illinois Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)) and consolidate it with the remaining issues in the previous appeal, over which this court specifically retained jurisdiction. The State's Attorney's office appealed this court's ruling to the Illinois Supreme Court under case number 85862. The supreme court denied that appeal.

Stevens, upon the remand back to the trial court, appeared before the Honorable Mary Ellen Coghlan[2] and was properly notified of his appeal rights. Shortly thereafter, Stevens filed another *pro se* motion to withdraw his guilty plea. After a hearing, the trial court denied said motion, which led to Stevens' second appeal, docketed by this court as No. 1—99—2026. In accordance with its prior ruling, this court consolidated the appeal of the most recent denial of Stevens' motion to withdraw his guilty plea into the remaining issues of the original appeal, over which this court had retained jurisdiction.

## II

Stevens argues on appeal that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea prior to sentencing. Stevens claims the discretion of the trial court is not absolute where the defendant has a defense worthy of consideration or where the ends of justice would better be served in allowing the cause to proceed to trial. He argues that the public policy preferring a trial to a plea in a criminal case is overcome only in the face of a countervailing policy. Here, according to Stevens, the entry of a plea was not made in order to extort concessions from the State. Stevens argues that the fact that the State dismissed duplicative charges before the plea was entered constituted no concessions by the State since the facts would show there was only one victim and one collision. Stevens points out that, even if the State prevailed at every stage, it could not have secured more than the charges that were ultimately brought against him because there cannot be more than one conviction for each physical act by a given defendant. Stevens argues that the trial court's ruling on remand that Stevens was attempting to withdraw his guilty plea as "gamesmanship" is misplaced. He argues that, in order to support a claim of "gamesmanship," it would require a finding that Stevens, by his actions, extracted favorable concessions from the State. While defendant was initially charged with burglary and felony murder predicated on burglary, these charges were dropped by the State prior to the commencement of the bench trial. Stevens also argues

---

[2]The case was heard by Judge Coghlan because Judge Hall-Morgan was then deceased.

that the State was not really prejudiced by the prospect that it would have to plan for a trial.

In denying Stevens' motion to withdraw his guilty plea, the trial court on remand commented that Stevens may or may not have had defenses to bring at a trial on the merits. Stevens argues that the trial court's comments suggest the case was close. Accordingly, Stevens argues that for the trial court on remand to have decided that this is essentially a close case, yet steadfastly refused to allow him to withdraw his guilty plea is a manifest abuse of the trial court's discretion.

The State argues that the trial court's decision to deny the motion to withdraw the plea was not an abuse of discretion. The State contends that the plea was knowingly and voluntarily made and that the actions of engaging in a high-speed chase with the police created a strong probability of death or great bodily harm and that the sentence of 27 years is not an abuse of discretion. The State also argues that the trial court's finding that Stevens was engaging in gamesmanship was correct. It also argues that there is no real suggestion of the existence of reasonable doubt here and the sentence imposed is well within the statutory limits. It argues there is no reason to invalidate the plea and force a trial which will ultimately yield nothing new or different from the result thus far. Additionally, it argues that it is wrong to characterize the trial court's comments that Stevens may or may not have had a defense to assert at trial as a finding that this is a close case. The trial court never specifically found the existence of a meritorious defense. While the trial court did say, "[T]he defendant may have meritorious defenses to the charges on this case. On the other hand, he may not," this statement is taken out of context. A thorough review of the record shows that the trial court actually said the following:

> "Having reviewed all of the documents in this case, I find absolutely no basis upon which I could legitimately conclude that the defendant's plea was involuntary. I find no evidence to support the assertion that he was misrepresented by trial counsel.
>
> And although your arguments concerning the interest of justice are particularly stated and well taken, the same interest of justice shall apply to the State in this case.
>
> The defendant may have meritorious defenses to the charge in this case. On the other hand, he may not.
>
> Certainly I think that if nothing else, it is safe to state that the law on the issues raised so eloquently by you, Mr. Jacobs, is not for lack of a better way of describing it in a state of certainty. Certainly arguments can be made in support of your position. And you

concede that *People v. Thomas*,[3] certainly at a minimum arguably could support the State's position.

With respect to the blind plea issues that nothing was extracted from the State, my review of the transcript indicates that certain counts were nolled after the blind plea or pursuant to the blind plea being entered. Certainly I think the argument could be made that that was something that was extracted from the State.

\* \* \*

Certainly based on my review of the transcript and the fact that there were extensive plea negotiations and a trial commenced and then a blind plea entered and then a change of mind, certainly there is evidence to support that there has been some gamesmanship on the part of the defendant in these proceedings.

There is absolutely no evidence to support his allegations that he was not aware of the fact he was entering a blind plea. He was thoroughly admonished by Judge [Hall-]Morgan.

\* \* \*

He was properly advised as to the penalties that could apply to the charges at hand. He was properly advised with a range of sentences. He was properly advised of the rights he was giving up by entering the plea.

He stated that no one had threatened or forced him to enter the plea.

There was sufficient factual basis for the plea.

And again, the defendant's claim that he had no idea that he was taking a blind plea is quite frankly not supported by the record.

For all those reasons, the motion to withdraw guilty plea is denied."

Stevens next claims that he should be allowed to withdraw his guilty plea because aggravated possession of a motor vehicle is not a forcible felony under the felony murder statute. He argues that, since jurisdiction was reserved to consider this issue, it is properly before this court even though the trial court on remand did not consider it.

The State responds that the transcript of the plea and the mittimus and half-sheets show the sentence was not based on a conviction for felony murder. Though it argues that this should dispose of the issue, the State also asserts that aggravated possession of a motor vehicle can be the basis for felony murder.

Stevens finally argues that the sentence imposed is an abuse of discretion because his actions were reckless and he did not intend the consequences of the accidental vehicular collision. He argues that while there is evidence he was driving recklessly, there is no evidence that he intended to kill anybody with the car.

---

[3]*People v. Thomas*, 266 Ill. App. 3d 914 (1994).

The State responds that the evidence of Stevens' guilt is overwhelming because of the strong probability of death or great bodily harm involved in what Stevens did. The State directs this court to the language of the murder statute, section 9—1(a)(2) of the Criminal Code of 1961 (720 ILCS 5/9—1(a)(2) (West 1992)), which provides that, to convict a defendant of first degree murder, the State must prove beyond a reasonable doubt that the defendant knew that his or her actions created a strong probability of death or great bodily harm. The State argues that any reasonable person would find that driving over 100 miles per hour, running red lights, driving on the wrong side of the street, and driving through crosswalks against the light are acts that support a finding that the defendant knew his acts created a strong probability of death or great bodily harm.

●1, 2 Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. *People v. Pullen*, 192 Ill. 2d 36, 39 (2000). A defendant has no absolute right to withdraw a guilty plea and bears the burden of showing the necessity for withdrawal. *People v. Canterbury*, 313 Ill. App. 3d 914, 917 (2000), citing *People v. Artale*, 244 Ill. App. 3d 469, 475 (1993). "A court should allow a defendant to withdraw his plea where the plea was entered based on a misapprehension of the facts or the law or because of misrepresentations by counsel, where there is doubt of the defendant's guilt, where he has a defense worthy of consideration, or where the ends of justice will be better served by submitting the case to a jury." *Canterbury*, 313 Ill. App. 3d at 918. It is important to note "[s]ubjective impressions alone are not sufficient grounds to vacate a guilty plea absent some objective proof that the subjective impressions were justified." *Canterbury*, 313 Ill. App. 3d at 918, citing *People v. Wilson*, 295 Ill. App. 3d 228, 236 (1998). The general rule is that it is within the sound discretion of the trial court to determine whether a guilty plea may be withdrawn, and, on appeal, this decision will not be disturbed unless the decision is an abuse of that discretion. *People v. Davis*, 145 Ill. 2d 240, 244 (1991); *People v. Gosier*, 145 Ill. 2d 127, 143 (1991); *People v. Hirsch*, 312 Ill. App. 3d 174, 179 (2000). As to the decision of Judge Hall-Morgan, the standard of abuse of discretion clearly applies because the trial was held before her. Even though Judge Coghlan only reviewed the record and entertained argument when hearing the second motion to withdraw the guilty plea, the abuse of discretion standard would still apply. But for the death of Hall-Morgan, she would have heard the motion as she heard the trial. Coghlan reviewed the record to determine if Hall-Morgan's ruling was within her judicial discretion. Our review of Coghlan's review of Hall-Morgan's determination would be *de novo*,

but the motion itself before Coghlan would have to be held to the abuse of discretion standard by Hall-Morgan or by Coghlan.

Though Stevens claims his guilty plea was not knowingly and voluntarily made, the record is silent as to a basis under which such a belief would be objectively reasonable. In fact, in light of the lengthy discussions having taken place before the trial court accepted the guilty plea, the record clearly demonstrates that Stevens was made well aware of the consequences of the decision he made. In July of 1996, the defendant participated in a conference with the trial court pursuant to Supreme Court Rule 402 (177 Ill. 2d R. 402). The trial court offered to sentence the defendant to a term of 20 years in prison if the defendant pled guilty to the charges. Prior to participating in the Rule 402 conference, the trial court allowed the defendant to consult with his mother. The defendant rejected this offer and the case was eventually set for a bench trial. The bench trial commenced on January 8, 1997. After two witnesses testified, defense counsel indicated that defendant wished to plead guilty to the charges. Prior to accepting the plea, Judge Hall-Morgan repeatedly admonished the defendant that she did not feel bound by the prior offer of 20 years. Judge Hall-Morgan admonished the defendant that he must not think that he could plead guilty on that day and then file a motion to withdraw that plea later, unless there was a basis for withdrawing the plea. The defendant persisted in his desire to plead guilty. The court then read the three counts to which defendant was pleading. The court accepted the defendant's plea and continued the case for sentencing, ordering a presentence investigation be conducted.

On February 13, 1997, before the hearing in aggravation and mitigation began, the defendant indicated to the court that he wanted to withdraw his plea of guilty. Judge Hall-Morgan ordered a forensic psychiatric exam of the defendant in order to determine whether the defendant knew what he was doing when he pled guilty.

On April 1, 1997, the case was again before Judge Hall-Morgan. The defendant told the judge that he never pled guilty to the charges and he did not know what was going on during the plea. Judge Hall-Morgan reminded defendant of what had transpired on the day of the plea and defendant acknowledged that he remembered pleading guilty. Judge Hall-Morgan distributed the report of the psychiatric exams which indicated that at the time he pled guilty, defendant knew the consequences of that plea. The case was continued to April 7, 1997.

On April 7, 1997 the trial court denied the defendant's request to withdraw his plea and proceeded to a hearing in aggravation and mitigation. After the evidence and arguments of counsel, the judge commented that when she had offered the defendant a sentence of 20

years, she was unaware that he had been adjudicated a delinquent for an attempted armed robbery and that she was unaware that his prior conviction for attempted murder involved firing a gun at a police officer from two feet away. Judge Hall-Morgan then sentenced defendant to 27 years in prison. Defendant immediately filed a motion to reconsider his sentence, which the court denied that same day. Some 15 days later, defendant filed a motion to withdraw his plea of guilty and a motion to reconsider his sentence. Judge Hall-Morgan denied these motions, finding that she no longer had jurisdiction of the case as defendant had filed a notice of appeal.

●3 Judge Hall-Morgan considered the evidence presented and found Stevens' desire to withdraw his plea to be disingenuous. Judge Coghlan reviewed the record made before Judge Hall-Morgan and entertained oral argument on these issues. Though Stevens goes to great lengths to interpret Judge Coghlan's comments so as to show a basis for the withdrawal of the plea, he has failed to show a fair and just reason by which this court can substitute its judgment for the discretionary authority of the court below. "Entering a guilty plea is *** accurately described as a 'grave and solemn act.' " *People v. Evans*, 174 Ill. 2d 320, 326 (1996), quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1468 (1970). It is not a temporary and meaningless formality reversible at the defendant's whim. *United States v. Barker*, 514 F.2d 208, 221 (D.C. Cir. 1975). Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice. *People v. Evans*, 174 Ill. 2d 320, 326 (1996), citing *People v. Hillenbrand*, 121 Ill. 2d 537, 545 (1988). This record does not support Stevens' argument that a manifest injustice has occurred. This conclusion is supported by the results of the psychiatric evaluation conducted by the Forensic Clinical Services Department, which found that Stevens understood the possible ramifications of the actions he took when he pled guilty.

●4 Finally, Stevens claims that he should be allowed to withdraw his guilty plea because he pled guilty to felony murder based upon the offense of aggravated possession of a motor vehicle, which is not a forcible felony. On remand the trial court did not comment on whether or not felony murder could be based upon aggravated possession of a motor vehicle. Though Stevens requests a ruling from this court on the issue of whether aggravated possession of a motor vehicle is a forcible felony for purposes of the felony murder statute, we decline to do so because Stevens was not sentenced on that charge. As demonstrated by the mittimus, Stevens was convicted and sentenced for first degree murder based on the defendant knowing that his actions created a strong probability of death or great bodily harm and a concurrent

sentence for the aggravated possession of a motor vehicle. There is no final judgment in a criminal case until the imposition of a sentence, and, in the absence of a final judgment, an appeal cannot be entertained. *People v. Childress*, 321 Ill. App. 3d 13, 26 (2001), citing *People v. Campbell*, 241 Ill. App. 3d 782, 789 (1992). Since no sentence was imposed on the felony murder count, there can be no appeal of defendant's conviction on this count.

Defendant's guilty plea to first degree murder based on his knowing that his actions created a strong probability of death or great bodily harm is supported by the record. The record, consisting of the testimony of two witnesses and the facts stipulated to by the defendant during his plea, shows that defendant drove a stolen car at speeds in excess of 100 miles an hour, drove it on the shoulder of an expressway, weaved through traffic, refused to stop for marked police units, and drove it into the rear of the victim's vehicle. This caused the victim's vehicle to crash into a retaining wall and flip over five times. The defendant committed these acts while his passenger begged him to stop the car. The defendant refused, saying he was never going back to jail. "It is not necessary to directly prove that defendant had the intent to murder; all that needs to be shown is that defendant voluntarily and willfully committed an act, the natural tendency of which was to cause death or great bodily harm." *People v. Lee*, 256 Ill. App. 3d 856, 861 (1993).

In *People v. Thomas*, 266 Ill. App. 3d 914 (1994), this court affirmed the defendant's conviction for first degree murder where the defendant drove a car containing stolen goods at a high rate of speed while being pursued by police. The defendant drove through heavy traffic and through a red light, striking another vehicle, killing its occupants. This court held that these facts supported the jury's factual finding that the defendant knew his acts created a strong probability of death or great bodily harm. *People v. Thomas*, 266 Ill. App. 3d at 926-27. Similarly, the defendant's actions in the instant case support Judge Hall-Morgan's acceptance of defendant's plea to first degree murder and Judge Coghlan's denial of defendant's motion to withdraw his plea.

### III

●5 As to defendant's argument that his sentence is excessive, it is well settled that the trial court has broad discretionary powers in imposing a sentence. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). The trial court's sentencing decision is entitled to great deference. *Stacey*, 193 Ill. 2d at 209.

"The trial court is granted such deference because the trial court is

generally in a better position than the reviewing court to determine the appropriate sentence. The trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Streit*, 142 Ill. 2d 13, 19 (1991).

The reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently. *Streit*, 142 Ill. 2d at 19.

Since the sentence imposed by the trial court was within the bounds of that court's discretion, there is no reason to disturb that sentence based upon the totality of the record presented to this court.

In light of the foregoing, the decision of the trial court is affirmed.

Affirmed.

QUINN, P.J., and CAMPBELL, P.J., concur.